**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**ASHLAND**

**Civil Action No. 04-176-HRW**

**CATHY LEMASTER,**                                                                                    **PLAINTIFF,**

**v.**                       **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**                            **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a period of disability, disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits on December 22, 2000 (Tr. 17), alleging disability beginning on December 1, 2000, due to pain and weakness in her legs, shortness of breath, dizzy spells, and blurred vision (Tr. 18). The application was

denied initially and on reconsideration (Tr. 17). On November 25, 2003, Administrative Law Judge Don C. Paris (hereinafter "ALJ") held an administrative hearing, and on June 26, 2002, issued an unfavorable decision (Tr. 17). The Appeals Council granted claimant's request for review, thereafter vacating the ALJ's decision and remanding the case to the Office of Hearings and Appeals for further hearing before the ALJ with instructions pursuant to an order dated September 27, 2002 (Tr. 17). The ALJ held a second administrative hearing on November 7, 2003. At the hearing, claimant, accompanied by counsel, testified, as did Ted Tanzey, a vocational expert (hereinafter "VE") (Tr. 17).

Plaintiff was forty-five years old at the time of the hearing decision (Tr. 18). She has a high school education and a bachelor's degree in business and accounting (Tr. 18). Her past relevant work experience consists of work as a sewing machine operator, credit card account collector and work in accounting and tax preparation (Tr. 18).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled

based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On November 25, 2003, the ALJ issued a second unfavorable decision finding that Plaintiff was not disabled (Tr. 26-27). At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since December 20, 2001 (Tr. 18). The ALJ then determined, at Step 2, that Plaintiff suffered from pulmonary emboli with placement of a Greenfield filter and persistent dyspnea on exertion, hypertension, non-insulin dependent diabetes mellitus, degenerative disc disease of the lumbar spine, morbid obesity, and mild chronic obstructive pulmonary disease, all conditions which he found to be "severe" within the meaning of the Regulations (Tr. 25). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 (Tr. 25). The ALJ

determined at Step 4 that Plaintiff could perform her past relevant work in credit card collection and tax preparation during the period at issue (Tr. 26). The ALJ further concluded, at Step 5, that Plaintiff retained the residual functional capacity, reduced by certain exertional and non-exertional limitations, to perform a significant range of unskilled sedentary work, as identified by the VE and within the framework of the Medical-Vocational Guidelines (Tr. 26). Accordingly, the ALJ found that Plaintiff was not disabled at Step 5 of the sequential evaluation process (Tr. 26).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 7, 2004 (Tr. 7).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Record Nos. 9 and 12], and this matter is ripe for decision.

## II.  ANALYSIS

### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account

whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

     **B.**    **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly found that Plaintiff's physical conditions, either alone or in combination, did not meet or equal a listing in 20 C.F.R. pt. 404, subpt. P, app. 1 (listings); (2) the ALJ failed to accord proper deference to the opinion of her treating physician and that of a state agency medical consultant; (3) the ALJ failed to perform a proper credibility assessment; and (4) the ALJ did not consider the combined effect of her impairments.

C.   **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ improperly found that Plaintiff's physical conditions, either alone or in combination, did not meet or equal a listing in 20 C.F.R. pt. 404, subpt. P, app. 1 (listings). Specifically, the ALJ found that the Plaintiff suffers from severe pulmonary emboli with placement of a Greenfield filter and persistent dyspnea on exertion, hypertension, non-insulin dependent diabetes mellitus, degenerative disc disease of the lumbar spine, morbid obesity, and mild chronic obstructive pulmonary disease but concluded that "claimant does not meet or equal any listed impairment" and that claimant's impairments in combination "do not equal in severity any listed impairment at Appendix 1, Subpart P, Regulations No. 4" (Tr. 20). In doing so, the ALJ specifically considered musculoskeletal listing 1.00, 1.02(B), and 1.04(A), (B), and (C) for the claimant's cervical, thoracic, lumbar spine (degenerative changes), shoulders, arms, hips, knees, and ankles (Tr. 20). The ALJ also considered respiratory listings 3.00 and 3.02, listing 9.00 relating to the endocrine system, and 9.08 for diabetes mellitus (Tr. 20).

Plaintiff claims that she meets or equals one of the listed impairments found in 20 C.F.R. pt. 404, subpt. P, app. 1 (Plaintiff's Motion, pp. 4-10). The Court finds Plaintiff's claim to be without merit.

"The listing of impairments 'provides descriptions of disabling conditions

and the elements necessary to meet the definition of disabled for each impairment." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky), quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

However, Plaintiff "bears the burden of proof at step three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold, supra* at *2, citing *Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet all the requirements specified in the Listing." *Id*. Plaintiff must present specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990).

From the outset, the court notes that Plaintiff fails to indicate exactly which listing she claims to meet or equal and she does not cite to any evidence to support her allegation. Although Plaintiff argues that she meets or equals a listing, the Court finds has not met her burden of proof that she meets or equals a particular listing.

First, Plaintiff contends that the ALJ "fails to follow the mandate of SSR 02-

01p, which requires that the ALJ consider the effect of a claimant's obesity in combination with the other listed impairments before making a disability determination" (Plaintiff's Motion, p. 6). The Court disagrees. In the hearing decision, the ALJ indicated that he had considered the claimant's obesity, as required by Social Security Ruling 02-01 (Tr. 20). The ALJ nonetheless determined that "the medical evidence establishes that the claimant retains adequate motor and sensory function, breathing capacity, and has no difficulty ambulating." (Tr. 20). Further, the ALJ concluded that even though Plaintiff's weight affects her ability to squat and causes shortness of breath, she nonetheless does not meet or equal a listed impairment.

Thus, the Court concludes that the ALJ properly considered Social Security Ruling 02-01p, and the Plaintiff has failed to present any evidence refuting the ALJ's analysis or to show that the ALJ's discussion was inadequate. As Plaintiff has failed to present medical evidence tending to show that her impairments satisfy the criteria of any particular listing, as required to satisfy her burden of proof, the Court finds that substantial evidence supports the ALJ's finding at step three.

Plaintiff's second claim of error is that the ALJ improperly rejected the opinions of her treating physician, Dr. Sheryl Mehta, and that of a non-examining medical records examiner, Dr. Gary Higgason (Plaintiff's Motion, p. 7-8). Again, the Court disagrees. It is true that the medical and diagnostic opinions of treating

physicians "are generally accorded substantial deference, and if the opinion is uncontradicted, complete deference." *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). However, such deference is due "only if the treating physician's opinion is based on sufficient medical data." *Houston v. Secretary of HHS*, 736 F.2d 365, 367 (6th Cir. 1984). In other words, the weight afforded a physician's opinion depends upon the extent it is supported by objective medical signs and laboratory findings and is consistent with the record as a whole, as well as the specialty of the medical source, and other factors. *See*, 20 C.F.R. §§ 404.1527(d), 416.927(d). Similarly, a treating physician's opinions may be rejected when good reasons are identified for not accepting them. *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988).

Here, Plaintiff claims that the ALJ totally disregards Dr. Metha's opinions. However, the ALJ specifically considered Dr. Metha's opinions and identified reasons for not accepting them (Tr. 23). Specifically, the ALJ rejected Dr. Metha's opinion that Plaintiff needed to elevate her feet for at least two hours a day because he determined that this opinion unsupported by Dr. Metha's treatment records (Tr. 23). The ALJ also considered Dr. Metha's opinion that the claimant would have difficulty working in a factory job that would require sitting for prolonged periods on an assembly line. However, the ALJ determined that this opinion was unsupported by the doctor's treatment notes, was an opinion on an issue reserved to the Commissioner, and was not fully credible (Tr. 23).

Likewise, the ALJ found that Dr. Metha's opinion was inconsistent with the record as a whole. As discussed by the ALJ in the hearing decision, the medical records from the other physicians who examined and treated Plaintiff provide substantial evidence undermining Dr. Metha's opinion (Tr. 28-23, 238, 240, 264-71, 330-38). In particular, the examinations by Dr. Stephen Nutter and Dr. Jules Barefoot provide substantial evidence to support the ALJ's decision to reject Dr. Metha's opinion (Tr. 19-20, 22-23, 264-71, 330-38). The Court concludes that, although Plaintiff experienced some difficulties with a variety of impairments, the ALJ properly concluded that the evidence does not establish that Plaintiff's condition was as limiting as she claimed or as opined by Dr. Metha.

As the record contains evidence which conflicts with the opinions of Plaintiff's treating physician, the ALJ properly performed his duty as trier of fact in resolving the conflicting evidence. *Richardson v. Perales*, 402 U.S. 389, 399 (1971); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) ("This Court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility."). Accordingly, the Court finds that the ALJ properly rejected Dr. Metha's opinion, which the ALJ found to be unsupported by objective medical findings and inconsistent with the record as a whole.

Plaintiff also contends that the ALJ improperly rejected the opinion of Dr. Higgason, who reviewed the evidence in September 2001 (Plaintiff's Motion, p. 8).

The Court disagrees. From the outset, the Court notes that Dr. Higgason is not a treating physician but a non-examining state agency medical consultant, and as such, his opinion is not entitled to any particular weight.

Plaintiff nonetheless takes issue with the ALJ's failure to recite Dr. Higgason's statement that "Dr. Nutter opines moderate to severe limitations on any type of work-related function. I give this opinion great weight and adopt it as it is supported by objective findings." (Plaintiff's Motion, p. 8). As correctly pointed out by the Defendant, Plaintiff fails to show the relevance of Dr. Higgason's statement, as Dr. Nutter's opinion does not indicate that Plaintiff was more limited than found by the ALJ, or whether the statement directs a contrary RFC determination by the ALJ or a finding that Plaintiff meets or equals a listed impairment.

Moreover, Dr. Higgason's opinion is consistent with the ALJ's assessment of Plaintiff's RFC and therefore provides further evidence to support the ALJ's RFC finding. Specifically, Dr. Higgason limited Plaintiff to lifting 10 pounds occasionally and less than ten pounds frequently; stand/walk at least 2 hours in an 8-hour day (Tr. 22). The Court finds that the ALJ did not discount Dr. Higgason's opinion, which the ALJ specifically referenced in the hearing decision and which is consistent with the ALJ's assessment of Plaintiff's RFC. As such, the Court finds that Plaintiff's second claim of error is without merit.

Plaintiff's third claim of error is that the ALJ failed to perform a proper credibility assessment. Contrary to Plaintiff's assertions, the Court finds that the ALJ considered the medical evidence and testimony of record, and properly concluded that Plaintiff's "allegations of disabling breathing, leg swelling, and pain are excessive and not fully credible" (Tr. 22). It is well established that "[i]n evaluating complaints of pain, an ALJ may properly consider the credibility of the claimant." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). An ALJ's findings "based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness' demeanor and credibility." *Id*. In addition to judging credibility, the ALJ is charged with weighing the evidence before him. *Meyers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972).

Plaintiff asserts that the ALJ improperly afforded her less credibility based on the fact that she performed substantial gainful activity after her alleged onset date of December 2000 and continued to draw unemployment benefits at the time of trial (Tr. 21-22). The Court finds this argument to be without merit. The ALJ properly noted that Plaintiff's work activity after her alleged onset date undermined the credibility of her allegations. See, 20 C.F.R. §§ 404.1529(c)(3)(I), 404.1571, 416.929(c)(3)(I), 416.971; *Melton v. Apfel*, 181 F.3d 939, 941 (8th Cir. 1999) (noting the claimant's part-time work after his alleged onset date as evidence

undermining his allegations); *Williams v. Chater*, 923 F.Supp. 1373, 1379 (D. Kan. 1996) ("Evidence of employment during a period of allegd disability is highly probative of a claimant's ability to work."). Moreover, the Court finds that the ALJ properly noted that Plaintiff's receipt of unemployment benefits undermined her allegations of disabling limitations (Tr. 22). *See*, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983); *Barrett v. Shalala*, 38 F.3d 1019, 1024 (8th Cir. 1994) ("In addition, in order to be eligible for unemployment benefits, Barrett was required to sign documents stating that he was capable of working and seeking work. This statement is clearly inconsistent with Barrett's claim of disability during the same period.").

  As the ALJ's findings with regard to Plaintiff's credibility are to be accorded deference, and substantial evidence supports the ALJ's determination that Plaintiff was less than credible, the Court concludes that Plaintiff's third claim of error is without merit.

  Plaintiff's fourth claim of error is that the ALJ did not consider the combined effect of her impairments. This claim is without merit. A review of the ALJ's decision reveals that he properly considered Plaintiff's impairments as a whole in rendering his findings as to credibility and in assessing Plaintiff's RFC (Tr. 18-23). Plaintiff does not explain how the ALJ did not consider the combined effect of her impairments, and has failed to offer any evidence that her conditions

resulted in greater limitations than those found by the ALJ in his RFC assessment. The Court therefore concludes that the ALJ properly considered the combined effect of Plaintiff's impairments.

As stated *supra*, the ALJ's decision is not subject to reversal, "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997). The Plaintiff has failed to prove that the ALJ did not reach his conclusion based on substantial evidence.

### III.  CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This August 26, 2005.



Signed By:
Henry R Wilhoit Jr.
United States District Judge